# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Case No.: 18-40472-659** |
| | ) | **Honorable Kathy Surratt-States** |
| **AKC ENTERPRISES, INC.,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | Hearing Date: February 5, 2018 |
| | ) | Hearing Time: 11:00 a.m. |
| | ) | Hearing Location: 7th Floor North |
| | ) | St. Louis, Missouri |
| | ) | |
| | ) | Robert E. Eggmann, Esq. |
| | ) | Thomas H. Riske, Esq. |
| | ) | Carmody MacDonald, P.C. |
| | ) | 120 South Central Ave., Ste. 1800 |
| | ) | St. Louis, Missouri 63105 |
| | ) | (314) 854-8600 |
| | ) | ree@carmodymacdonald.com |
| | ) | thr@carmodymacdonald.com |

## EMERGENCY MOTION FOR ORDER AUTHORIZING
## PAYMENT OF PRE-PETITION WAGES AND SALARIES

COMES NOW Debtor and Debtor-in-Possession AKC Enterprises, Inc. ("**Debtor**"), and submits its Emergency Motion for Order Authorizing Payment of Pre-Petition Wages and Salaries (the "**Motion**"). In further support of this Motion, Debtor respectfully represents as follows:

### BACKGROUND

1. On January 29, 2018 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business as a debtor in possession. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has been established in this Chapter 11 case.

3. Debtor has filed this Motion and an Emergency Motion for Expedited Hearing on Certain First-Day Motions and Applications (the "**Hearing Motion**"). Included within the Hearing Motion is this Motion.

## BACKGROUND OF THE DEBTOR

4. Debtor is an Missouri corporation that operates a winery, wine shop and restaurant in St. Charles, Missouri.

## THE EMPLOYEES

5. Debtor currently employs four (4) salaried managerial employees, four (4) hourly managerial employees and thirty-seven (37) hourly employees, which includes restaurant and wine shop employees and other necessary staff. All of these employees are on the payroll of, and paid by, Debtor. Debtor's employees are comprised of the following categories:

(i)   Exempt[1]:   8

(ii)  Non-exempt[2]:   37

(iii) Total Employees:   45

6. The majority of employees are paid on an hourly basis. A smaller percentage of employees are paid on a salaried basis. All employees will suffer great hardship if they were to lose or suffer any delay in receiving their pay and/or benefits.

7. The continued, uninterrupted service of Debtor's existing skilled and dedicated employees is vital to Debtor's reorganization efforts. The employee compensation, reimbursement, and benefits described in this Motion are reasonable compared to cash and

---

[1] "Exempt" refers to employees who are exempt from wage and hour laws (i.e., professional and managerial employees).

[2] "Non-exempt" refers to employees' status as not being exempt from wage and hour laws (i.e., production workers, clerical employees, and administrative staff).

noncash payments and benefits provided by other employers, and are absolutely necessary to maintain Debtor's work force.

8. Debtor's ability to effectively reorganize its business and/or maximize the value of its assets will be adversely affected if it is unable to retain the services of its employees. Accordingly, it is essential that undue hardships that employees may suffer as a consequence of this Chapter 11 filing be minimized and that morale be maintained.

9. As described more fully herein, employees have claims against the Debtor consisting of wages and salaries (the "**Pre-Petition Employee Claims**").

10. By this Motion, Debtor seeks emergency relief. Any delay in making scheduled payments and/or providing the employee benefits described herein undermines relationships with Debtor's employees, irreparably impairs employee morale and risks interruption of services at the precise time when employee dedication, confidence and cooperation are critical.

11. The initiation of these bankruptcy proceedings creates a precarious situation for Debtor. The loss of employees could have a significant adverse impact upon Debtor's ability to reorganize and upon the value of its assets.

12. To the extent that payment of the amounts described in this Motion may subsequently be determined to be greater than a recipient thereof would otherwise have received if this case was commenced or preceded under Chapter 7 of the Bankruptcy Code, Debtor (or any subsequently appointed Trustee) expressly reserves the right to seek recovery of such payments.

13. Approval of the Motion and the payment of the compensation described herein are essential to Debtor's reorganization and are in the best interests of all parties in interest.

14. Notwithstanding anything contained herein to the contrary, this Motion shall not constitute the assumption of any executory contract of any type, kind or nature, under § 365 of the Bankruptcy Code or otherwise, and is filed without prejudice to Debtor's rights to assume, assume and assign, reject, terminate, or modify any of its executory contracts, all of which rights are expressly reserved.

15. In order to effectuate the relief sought in this Motion relating to the payment of the employee obligations discussed herein, Debtor also seeks an order authorizing all applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on Debtor's employee-related accounts, whether presented prior to or after the Petition Date in accordance with Debtor's stated policies with regard thereto, and with any charges (including charges for returned or dishonored checks) for the same payable by Debtor, provided sufficient funds exist in the employee-related accounts to cover such payments.

## PRE-PETITION WAGES AND COMMISSIONS

16. All salaried and hourly employees are paid every two weeks. Debtor's payroll is administered by BAS Payroll Services.

17. On January 26, 2018, Debtor funded payroll for its employees in the ordinary course of business checks were disbursed. The total amount of these payments, including federal, state and local tax obligations related thereto, was approximately $12,991.83, and covered the January 7, 2018 through January 20, 2018 pay periods for salaried and hourly employees.

18. Debtor remains obligated to pay its employees for work completed before the Petition Date (the "**Pre-Petition Payroll**"). By this Motion, Debtor requests authority to pay such Pre-Petition Payroll in the ordinary course of its business. The next regular payroll disbursement for Debtor's employees is scheduled to be made on February 9, 2018, covering the

period of January 21, 2018 through February 3, 2018 for hourly and salaried employees. The estimated amount of the Pre-Petition Payroll (plus the approximate week of post-petition time included in this period), including federal, state and local tax obligations, for all employees for this pay period is approximately $13,991.83.

19. No single employee will receive payment in excess of the $12,475.00 amount allowed by 11 U.S.C. § 507 with respect to the Prepetition period.

20. The owner of the Debtor, David Campbell, is not receiving any payment pursuant to the Pre-Petition Payroll.

21. To the extent necessary, Debtor requests authority to pay the Pre-Petition Payroll in the ordinary course of its business.

## REQUEST FOR RELIEF

22. Debtor requests that it be authorized but not required to pay the Pre-Petition Employee Claims described above. Without such relief, Debtor's employees will be irreparably harmed resulting in ill-will towards Debtor and less effective employee performance.

23. No employee will receive more than the $12,475.00 amount allowed by 11 U.S.C. § 507 with respect to Pre-Petition wages and salaries. To the extent that payment of the amounts described in this Motion may subsequently be determined to be greater than a beneficiary would otherwise have received if these cases were commenced or preceded under Chapter 7 of the Bankruptcy Code, Debtor (or any subsequently appointed Trustee) expressly reserves the right to seek recovery of such payments.

## APPLICABLE LAW

24. Authority to pay pre-petition employee benefits is essential to the Debtor's ability to reorganize, and is in the best interests of Debtor's estate and all creditors. Bankruptcy courts have recognized the need to satisfy pre-petition obligations relating to employees to maintain and

protect a Debtor's business and preserve employee morale. *See e.g., In re Farmland Industries, Inc.*, Case No. 02-50557 (Bankr. W.D. Mo. June 5, 2002); *In re Food Barn Stores, Inc.*, Case No. 93-40012 (Bankr. W.D. Mo. Jan. 7, 1993); *In re Federated Dept. Stores, Inc., et al.*, Order dated January 15, 1990, Chapter 11 Case Nos. 1-90-00130 to 1-90-00196 (Bankr. S.D. Ohio); *In re Apex Oil Co., et al.*, Order dated February 1, 1988, Chapter 11 Case No. 87-43804-BKC-BSS (Bankr. E.D. Mo.) (authorizing Debtor to pay pre-petition wages, vacation pay, income withholding, medical deductions, maintenance, union dues, bonuses, and overtime compensation); *In re Continental Airlines Corp., et al.*, Order dated September 29, 1983, Chapter 11 Case No. 83-04019-H2-5 (Bankr. S.D. Tex.) (authorizing the Debtor to pay active employees pre-petition claims for salary, insurance benefits, and out-of-pocket expenses and to pay $500,000 toward certain insurance claims of employees); and *In re KDT Industries*, Order dated September 16, 1982, Chapter 11 Case Nos. 82B11453 through 82B11515 and 82B11687 through 82B11718 (Bankr. S.D.N.Y.) (Authorizing Debtor to reimburse employees for pre-petition travel expenses). These authorities and others recognize that it is critical to permit a debtor pay pre-petition claims of employees to preserve and protect the debtor's business and ability to reorganize by minimizing disruption to the workforce and maintaining positive employee morale.

25. This Court, pursuant to the "Necessity of Payment" doctrine, may authorize the payment of pre-petition claims if (i) necessary to the continued operation of a debtor; (ii) in the best interest of a debtor's creditors and employees; and (iii) necessary for a debtor's successful reorganization. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *In re Chateaugay Corp.*, 80 B.R. 279, 281 (S.D.N.Y. 1987).

26. Moreover, Debtor is authorized to continue to retain its assets and operate its business pursuant to Bankruptcy Code §§ 1107(a) and 1108. Section 363(c)(1) of the Bankruptcy Code authorizes Debtor to enter into transactions in the ordinary course of business without notice or a hearing. Thus, with respect to Debtor's authority to continue to provide employee benefits post-petition, no court order is required. However, to minimize disruption and preserve values, Debtor must also honor employee compensation, reimbursements, and benefits that were earned or accrued pre-petition or which are based, in whole or in part, upon pre-petition services.

## OVERALL RATIONALE

27. The relief sought in this Motion will facilitate the stabilization of a productive workforce and the success of Debtor's reorganization efforts.

28. Absent the emergency relief requested in this Motion being granted:

(a) Debtor's employees will suffer undue hardships and, in many instances, financial difficulties because such amounts are necessary to enable employees to meet their respective personal, household and family obligations; and

(b) the stability of Debtor's workforce will be undermined by persistent threats that otherwise loyal employees will seek other employment alternatives, coupled with increased inefficiencies and loss of morale.

## CONCLUSION

WHEREFORE, Debtor AKC Enterprises, Inc. respectfully requests that this Court enter an order (i) authorizing but not requiring Debtor, at Debtor's discretion, to pay all Pre-Petition Employee Claims and other benefits as set forth herein; (ii) authorizing all applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on Debtor's employee-related accounts, whether presented prior to or after the Petition Date in

accordance with Debtor's stated policies with regard thereto, provided sufficient funds exist in the employee-related accounts to cover such payments; and (iii) granting such other and further relief as is just and proper.

                Respectfully submitted,

                CARMODY MACDONALD P.C.

By: /s/ *Thomas H. Riske*
    ROBERT E. EGGMANN #37374MO
    THOMAS H. RISKE #61838MO
    120 S. Central Avenue, Suite 1800
    St. Louis, Missouri 63105
    (314) 854-8600
    (314) 854-8660 – FAX
    ree@carmodymacdonald.com
    thr@carmodymacdonald.com

    ATTORNEYS FOR DEBTOR