# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **In re:** | Case No.: 18-40472-659 |
| | Honorable Kathy Surratt-States |
| **AKC ENTERPRISES, INC.,** | Chapter 11 |
| | |
| Debtor. | Hearing Date: February 5, 2018 |
| | Hearing Time: 11:00 a.m. |
| | Hearing Location: 7th Floor North |
| | St. Louis, Missouri |
| | |
| | Robert E. Eggmann, Esq. |
| | Thomas H. Riske, Esq. |
| | Carmody MacDonald, P.C. |
| | 120 South Central Ave., Ste. 1800 |
| | St. Louis, Missouri 63105 |
| | (314) 854-8600 |
| | ree@carmodymacdonald.com |
| | thr@carmodymacdonald.com |

## EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO § 363 OF THE BANKRUPTCY CODE

COMES NOW Debtor and Debtor-in-Possession AKC Enterprises, Inc. ("**Debtor**") by and through its undersigned counsel and moves the Court, pursuant to Section 363 of the Bankruptcy Code, and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the entry of interim and final orders: (a) authorizing the Debtor to use Cash Collateral (as such term is defined in Section 363(a) of the Bankruptcy Code); and (b) approving and authorizing the Debtor to enter into certain related financing documents. In support of this Motion, the Debtor respectfully states and alleges as follows:

### I    BACKGROUND

1. On January 29, 2018 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. Debtor is an Missouri corporation that operates a winery, wine shop and restaurant in St. Charles, Missouri.

3. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case, and no official committee of creditors or equity interest holders has been established in this case.

II. **DEBTOR'S PRE-PETITION RELATIONSHIP WITH NEW FRONTIER BANK**

4. Debtor's primary secured creditor is New Frontier Bank ("**Bank**").

5. As of the Petition Date, Debtor owed Bank the approximate sum of $1,067,000.00 under its agreements with Bank plus accrued and unpaid interest thereon and any related fees and costs. These amounts together with all interest, fees, costs, and charges, are identified as the (the "**Pre-Petition Indebtedness**")

6. The Pre-petition Indebtedness is secured by valid, perfected, enforceable, first priority liens and security interests upon and in, substantially all of the Debtor's assets including accounts, inventory, equipment, improvements, and proceeds thereof (the "**Cash Collateral**").

7. In addition to the claims of Bank, due to the out of state collection activity by certain of Debtor's creditors, Debtor may have recent judgments against it or other claims that purport to have liens against Cash Collateral and therefore brings this Motion to put said creditors on notice to the extent necessary.

III. **THE DEBTOR'S NEED FOR USE OF CASH COLLATERAL**

8. The Debtor requires the use of Cash Collateral to continue its business operations and to pay its regular daily expenses, including employees' wages, utilities, and other costs of doing business.

9. The Debtor requires Cash Collateral to meet post-petition payroll, to pay necessary business expenses, and to continue its operations. A Proposed Budget, showing the amount of funds needed to maintain Debtor's operations until the entry of a final order permitting use of Cash Collateral, is attached hereto as **Exhibit A**.

10. The Debtor cannot carry on the operation of its business without the use of the Cash Collateral. Sale of inventory in the ordinary course of business is the core of the Debtor's business. In the absence of the use of the Cash Collateral, serious and irreparable harm to the Debtor and its estate would occur. The preservation and maintenance relations with customers, the preservation of the going concern value of the Debtor and the reduction of claims against the Debtor are of utmost significance and importance to a successful reorganization of the Debtor under Chapter 11 of the Bankruptcy Code.

11. The ability of the Debtor to continue in business and remain a viable entity and to have any prospect to propose a plan of reorganization under Chapter 11 of the Bankruptcy Code depends upon obtaining such authority to immediately use Cash Collateral on the Petition Date.

12. Absent the requested relief, the Debtor will be unable to pay its payroll and payroll expenses, operating expenses, and to otherwise operate its business and preserve its assets. Immediate and irreparable harm to the Debtor's business and value of its estate will occur absent the relief requested herein.

13. Pursuant to Section 363(c)(2) of the Bankruptcy Code, if Bank's interest in cash collateral is valid, the Debtor may use cash collateral only with the consent of Bank or with the Court's approval.

14. Bank's interest in Cash Collateral is adequately protected. Such adequate protection will be provided to Bank though the granting of a replacement lien in any pre-petition

assets of Debtor's estate which were subject to Bank's liens and further grant Bank a new lien in all post-petition assets of the Debtor from and after the Petition Date to the same extent, validity, priority, perfection and enforceability as its interest in any pre-petition assets of the Debtor's estate.

15. Approval of the attached Interim Order is in the best interest of the Debtor's estate, and the Debtor believes that other creditors will not be prejudiced by the entry of the Interim Order.

16. The Debtor requests that it be immediately authorized, pursuant to Section 363(c) of the Bankruptcy Code, to use Cash Collateral according to the terms of the Interim Order.

### V. REQUEST FOR INTERIM RELIEF

17. Use of Cash Collateral represents the Debtor's sole source of operating funds and working capital. Without the right to use cash collateral, the Debtor would be forced to cease operations. The Debtor seeks, therefore, after a preliminary hearing, immediate use of Cash Collateral to avoid immediate and irreparable harm to the Debtor and its estate. A copy of the proposed Interim Cash Collateral Order is attached as **Exhibit B**.

### VI. NOTICE

18. No creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Debtor's 20 largest unsecured creditors as identified in its Chapter 11 petition; and (c) any party with an interest in the Cash Collateral. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

19. The Debtor further requests that the Court deem service of this Motion, pursuant to Bankruptcy Rules 4001(b)(1) and 4001(c)(1) and service of the Interim Order, good and sufficient notice of the final hearing.

## VII. NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtor AKC Enterprises, Inc. respectfully requests that the Court enter an Interim Order after a preliminary hearing:

A. Authorizing the Debtor's immediate use of cash collateral in an amount sufficient to avoid immediate and irreparable harm to the Debtor and its estate;

B. After a final hearing, enter a final order authorizing the Debtor use of cash collateral in the ordinary course of the Debtor's business;

C. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Thomas H. Riske*
ROBERT E. EGGMANN #37374MO
THOMAS H. RISKE #61838MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com
thr@carmodymacdonald.com

ATTORNEYS FOR DEBTOR